UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE SANCHEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>GLOBAL TEL LINK, et al.,<br><br>           Defendants. | Civil Action No. 13-12996-LTS |

MEMORANDUM AND ORDER

December 8, 2015

SOROKIN, D.J.

For the reasons set forth below, the Court dismisses this action.

I.   **Background**

Jose Sanchez, who is presently incarcerated at the Old Colony Correctional Center, brings this action in which he did not receive a refund for a prepaid call that did not go through to the intended recipient. According to his allegations in the amended complaint (#14), while he was incarcerated at Bridgewater State Hospital, he encountered some difficulty in using the inmate prepaid telephone system. The result was that he paid for telephone services he did not receive. On September 15, 2013, the plaintiff filed a grievance concerning this issue. The grievance officer told Sanchez that she would speak to Robert Murphy, who was Superintendent of Bridgewater State Hospital, about issuing a refund. Sanchez never received the refund and was subsequently transferred to another facility. The plaintiff pursued the matter with Global Tel Link ("GTL"), the company that manages the phone services for inmates in facilities of the Massachusetts Department of Correction. Despite representations from GLT that it would issue a refund, the company failed to do so until his telephone account balance was $1.24. Sanchez does not indicate the amount of the refund in question.

Sanchez brings this action against Superintendent Murphy and GTC. The plaintiff asks

for $200,000 for punitive damages and his pain and suffering.  He does not specify a cause of action, but on the first page of his amended complaint he wrote "1st Amendment Compliant [sic]," and the form complaint he used identifies the action as one arising under 42 U.S.C. § 1983 ("§ 1983").  Amend. Compl. at 1.

## II. Discussion

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the plaintiff has failed to state a claim on which relief may be granted.  Section § 1983 does provide a right of action against state actors who have violated certain federal law, but Sanchez has not alleged facts suggesting that the defendants contravened federal law.  Although the plaintiff refers to the First Amendment, "[p]risoners have no per se constitutional right to use a telephone." United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000).  Even if the Court were to construe the claim as one for a violation of the plaintiff's right to due process in regards to the loss of his property (i.e., the cost of the call that was not promptly refunded), it would fail.  It is well-established that an official's unauthorized and unforeseen taking of property does not constitute a violation of the Due Process Clause "until and unless [the State] refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Parratt v. Taylor, 451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125

(1990); Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992).  Here, the plaintiff does not allege, and the Court cannot reasonably infer from the amended complaint, that Sanchez would not have a suitable state remedy against the defendants for their failure to provide the plaintiff a timely refund for the phone services he paid for but did not receive.[1]

**III.   Order**

Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A, the Court dismisses this action for failure to state a claim on which relief may be granted.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] To the extent that Sanchez seeks relief under state law, it does not appear that subject matter jurisdiction exists.  Federal district courts may exercise jurisdiction over civil actions arising under state law in which the parties are citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  Although Sanchez seeks $200,000 in punitive and compensatory damages, there is no factual basis for an award of this size or even one exceeding $75,000.  Further he has not explicitly alleged that the parties are of diverse citizenship, and the Court cannot assume that then-Superintendent Murphy and Sanchez were citizens of different states when this action commenced.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (to invoke jurisdiction under § 1332(a), no plaintiff and no defendant can be the citizen of the same state).